UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF
COLUMBIA

AGARWAL, *et al.*,

    *Plaintiffs*,

v.

UNITED STATES OF AMERICA, *et al.*,

    *Defendants*.

No. 18-cv-03125 (DLF)

**MEMORANDUM OPINION AND ORDER**

On December 28, 2018, the *pro se* plaintiffs filed suit against 161 defendants, including every state in the United States and the District of Columbia. Compl. at 6–30, Dkt. 1. On April 18, 2019, the Court dismissed the plaintiffs' claims without prejudice on sovereign immunity grounds for the claims brought against state entities, officials, and agencies. *See* Memorandum Opinion and Order of April 18, 2019.

Now before the Court are several motions to dismiss filed by the remaining defendants. *See* Dkts. 26, 45, 47, 49, 54, 56–57, 63, 65, 71–74, 83–84, 87, 88. For the reasons below, the Court will dismiss this case for lack of subject matter jurisdiction.

I.    **BACKGROUND**

The plaintiffs filed suit against 161 defendants, Compl. at 6–9, Dkt. 1, alleging three counts: (1) "unfair and deceptive practices with respect to loan servicing," Compl. at 66, (2) "unfair and deceptive practices with respect to foreclosure processing," Compl. at 67, and (3) "violations of the Financial Institutions Reform, Recovery and Enforcement Act of 1989 . . . (FIRREA)," *id.*

1

From April 4, 2019 through April 12, 2019, several defendants filed motions to dismiss; *see* Dkts. 26, 33, 36–37, 45, 47, 49–50, 54, 56–57, 60, 63, 65, 67, 69–77, 83; including motions to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1); *see* Dkts. 33, 36–37, 45, 50, 57, 70, 73–77.

On April 18, 2019, the Court dismissed the plaintiffs' claims on sovereign immunity grounds, without prejudice, with respect to "all of the individual states, state entities, and state officials." Memorandum Opinion and Order of April 18, 2019; *see* Dkt. 80. However, the Court did not rule on motions filed by the remaining parties. *See* Dkts. 26, 45, 47, 49, 54, 56–57, 63, 65, 71–74, 83.

Further, in the Court's April 18, 2019 Memorandum Opinion and Order, the plaintiffs were advised, pursuant to *Fox v. Strickland*, 837 F.2d 507 (D.C. Cir. 1988), that a failure to respond to the pending motions to dismiss could result in the Court treating the motions as conceded, ruling on the defendants' motion based on the defendants' arguments alone, or dismissing the plaintiffs' claims for failure to prosecute. Dkt. 80. The Court further instructed the plaintiffs to "file a brief in opposition to the defendants' Motions to Dismiss on or before May 17, 2019" and to "show cause . . . why this case should not be dismissed for improper service of process or lack of jurisdiction." *Id.*

Following the Court's April 18, 2019 Memorandum Opinion and Order, additional motions to dismiss were filed. *See* Dkts. 84, 87, 88. Out of the motions that remain pending, several seek to dismiss the complaint for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1). *See* Dkts. 45, 57, 73, 74, 88. On May 22, 2019, the Court received a Response to the Court's April 18, 2019 Memorandum Opinion and Order from the plaintiffs. Dkt. 90. However, the plaintiffs' response failed to include any arguments that support the Court revisiting its

sovereign immunity ruling or exercising jurisdiction here. Accordingly, the Court will dismiss the plaintiffs' complaint, without prejudice, for lack of subject matter jurisdiction.

## II. LEGAL STANDARD

"Federal Rule of Civil Procedure 12(b)(1) requires that the plaintiff bears the burden of establishing by a preponderance of the evidence that the court has jurisdiction to entertain his claims." *Tremel v. Bierman & Geesing*, 251 F. Supp. 2d 40, 43 (D.D.C. 2003). "[B]ecause the plaintiff has the burden of establishing the Court's jurisdiction, the 'plaintiff's factual allegations in the complaint . . . will bear closer scrutiny in resolving a 12(b)(1) motion' than in resolving a 12(b)(6) motion for failure to state a claim." *Id.* (citing *Grand Lodge of Fraternal Order of Police v. Ashcroft*, 185 F. Supp. 2d 9, 13–14 (D.D.C. 2001). The Court "is not limited to the allegations in the complaint, but may consider material outside of the complaint in an effort to determine whether the court has jurisdiction in the case." *Id.* (collecting cases). "Whenever it appears . . . that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed. R. Civ. P. 12(h)(3); *see also Kontrick v. Ryan*, 540 U.S. 443, 455 (2004).

## III. DISCUSSION

The complaint alleges that the Court has subject matter jurisdiction under 28 U.S.C. § 1331 on two grounds. Compl. at 30. It first asserts jurisdiction on the basis of 28 U.S.C. § 1355(a) due to an alleged violation of 31 U.S.C. § 3732(a) of the False Claims Act (FCA), 31 U.S.C. §§ 3729–33. *Id.* Next it asserts federal question jurisdiction through the Uniform Commercial Code (U.C.C.) § 3-603, 13 Pa. C.S.A. § 3603, and N.J. Stat. § 12A:3-603. *Id.* at 30–31. Additionally, the Civil Cover Sheet filed with the complaint indicates that subject matter jurisdiction is also based on diversity under 28 U.S.C. § 1332. Dkt. 1-1.

Three counts of the complaint assert additional grounds for subject matter jurisdiction.

Compl. at 66–67. Counts I and II allege "unfair and deceptive practices" in violations of state laws for loan servicing and foreclosure processing.[1] *Id.* Count III asserts federal question jurisdiction under FIRREA, 12 U.S.C. § 1833a, as well as through violations of 18 U.S.C. § 1001(a). Compl. at 67. The Court will analyze the plaintiffs' alleged bases for subject matter jurisdiction for both federal question and diversity in turn.

## A. Federal Question Jurisdiction

The plaintiffs assert federal question jurisdiction under 28 U.S.C. § 1331 on the basis of alleged penalties purportedly falling within the ambit of 28 U.S.C. § 1355(a). However, 28 U.S.C. § 1355(a) bars private parties from filing claims. The plaintiffs therefore lack federal question jurisdiction on that basis.

The plaintiffs next point to several other federal (and state) statutes that purportedly support federal question jurisdiction. However, none of the plaintiffs' cited statutes provide this Court with a basis to exercise federal question jurisdiction over the case.

### 1. Fine, Penalty, or Forfeiture

Section 1355 provides a means of "proceeding for the recovery or enforcement of any fine, penalty, or forfeiture . . . *incurred under any Act of Congress* . . ." 28 U.S.C. § 1355(a) (emphasis added). However, 28 U.S.C § 1355(a) does not permit private parties to bring an action for damages in federal court. *See Fields v. Washington*, 173 F.2d 701, 703 (3d Cir. 1949) (holding that § 1355 does not give district courts federal question jurisdiction for private damages actions); *see also Sipe v. Amerada Hess Corp.*, 689 F.2d 396, 406 (3d Cir. 1982)

---

[1] Because the plaintiffs have not pointed to any other state statutes, the Court presumes that the statutes cited in the "Bases for Jurisdiction" section of the complaint, 13 Pa. C.S.A. § 3603 and N.J. Stat. Ann. § 12(A): 3-603, are the same statutes underlying the allegations in Counts I and II of the complaint. *See* Dkt. 1 at 66–67 (referring to "violation[s] of the consumer protection laws of each State.").

(recognizing that jurisdiction under § 1355 "extends only to suits by a public officer to recover a sum of money that will be paid into the public treasury") (quoting Wright & Miller, Federal Practice and Procedure, § 3578, at 514 (1975)).[2] Because the plaintiffs are private individuals attempting to pursue an action for damages rather than a government official seeking the recovery of a fine, penalty, or forfeiture, *see* Compl. at 30, this Court lacks federal question jurisdiction on the basis of 28 U.S.C. § 1355(a).

### 2. The False Claims Act

The plaintiffs claim federal question jurisdiction under the FCA, which provides in relevant part that any action under the FCA "may be brought in any judicial district in which the defendant or, in the case of multiple defendants, any one defendant can be found, resides, transacts business, or in which any act proscribed by section 3729 . . . occurred." 31 U.S.C. § 3732(a). Civil actions under the FCA must be brought by either the Attorney General or a private person, called a relator, on behalf of the United States government. 31 U.S.C. § 3730(a)–(b); *U.S. ex rel. Tran v. Computer Sciences Corp.*, 53 F. Supp. 3d 104, 116–17 (D.D.C. 2014). However, the plaintiffs in this case are not bringing suit on behalf of the government. In fact, the complaint originally named the United States as a defendant. Compl. at 1. Even if the plaintiffs had filed suit as relators acting on behalf of the government, the FCA does not permit relators in a *qui tam* action to proceed *pro se*, thereby depriving the Court of jurisdiction over the plaintiffs'

---

[2] Even if the Court's subject matter jurisdiction could rest on Section 1355, the Court could not exercise jurisdiction on the basis of the plaintiffs' alleged penalties here. The plaintiffs assert violations of the False Claims Act as the "fine, penalty, or forfeiture" providing the jurisdictional hook for proceeding under Section 1355. But as the Court explains, *infra*, a private party proceeding *pro se* cannot bring a private action under the False Claims Act. The plaintiffs also assert federal question jurisdiction based on Section 1355 due to alleged violations of the Uniform Commercial Code. But as the Court also explains, *infra*, the U.C.C. is not an "Act of Congress" that can provide the basis for federal question jurisdiction.

FCA claim in this case. *See, e.g.*, *Tyson v. Wells Fargo Bank & Co.*, 78 F.Supp. 3d 360, 363 (D.D.C. 2015) (citing *Segelstrom v. Citibank, N.A.*, 76 F. Supp. 3d 1, 14 (D.D.C. 2014)); *U.S. ex. rel. Rockefeller v. Westinghouse Elec. Co.*, 274 F. Supp. 2d 10, 14 (D.D.C. 2003). Therefore, this Court lacks jurisdiction over the plaintiffs' claims to the extent that they allege violations of the FCA.

### 3. U.C.C. § 3-603, 13 Pa. C.S.A. § 3603, and N.J. Stat. § 12A:3-603

Next, the plaintiffs mistakenly state that U.C.C. § 3-603 is an "Act of Congress." Compl. at 30. It is not a law. Instead, the U.C.C. is a model statute which states have discretion to adopt for their own commercial codes. *See Heiser v. Islamic Republic of Iran*, 735 F.3d 934, 940 (D.C. Cir. 2013); *see also 1020 Monroe LLC v. SunTrust Bank, Inc.*, 2013 WL 12191955 at *1 (D.D.C. April 16, 2013). Because the U.C.C. is *not* a federal law, *see Motorola, Inc. v Perry*, 917 F. Supp. 43, 48 n.5 (D.D.C. 1996), it cannot be used to establish federal question jurisdiction.

The plaintiffs further attempt to establish federal question jurisdiction through 13 Pa. C.S.A § 3603 and N.J. Stat. § 12A:3-603, which are state adoptions of U.C.C. § 3-603.[3] Compl. at 30–31. As state codifications of the model statue, these statutes could theoretically support a *state law* cause of action. *See, e.g.*, *Gilbert v. Monaco Coach Corp.*, 352 F. Supp. 2d 1323, 1329 (N.D. Ga. 2004). But these state statutes are not a basis for this Court to exercise subject matter jurisdiction on federal question grounds.

### 4. FIRREA

In Count III, plaintiffs allege federal question jurisdiction under FIRREA 12 U.S.C. § 1833a. Compl. at 67. But like many of the plaintiffs' other claims, suits under FIRREA must be brought by the government rather than by a private party. *See* 12 U.S.C. § 1833a(e) ("A civil

---

[3] *Compare* 13 Pa. C.S.A § 3603, *and* N.J. Stat. § 12A:3-603, *with* U.C.C. § 3-603.

action to recover a civil penalty under this section shall be commenced by the Attorney General."). As private individuals, the plaintiffs do not have standing to bring a private action for alleged violations of Section 1833a of FIRREA. *See Hicks v. Resolution Tr. Corp.*, 767 F. Supp. 167, 171 (N.D. Ill. 1991), *aff'd*, 970 F.2d 378 (7th Cir. 1992) (holding that the "plaintiff lacks standing to bring an action under 12 U.S.C. § 1833a" because such an action "must be commenced by the Attorney General"). Because the plaintiffs lack standing to bring a case for alleged violations of 12 U.S.C. § 1833a, this Court lacks federal question jurisdiction and will dismiss the plaintiffs' FIRREA claim under Rule 12(b)(1). *See Better Markets, Inc. v. United States Dep't of Justice*, 83 F. Supp. 3d 250, 254 (D.D.C. 2015) ("Absent standing by the plaintiffs, the Court lacks subject matter jurisdiction to hear the claim and dismissal is mandatory.") (citing Fed. R. Civ. P. 12(h)(3)).

5. **18 U.S.C. § 1001(a)**

Count III also alleges violations of 18 U.S.C. § 1001(a). As a criminal statute, 18 U.S.C. § 1001(a) does not provide a private right of action to individual plaintiffs. *Anderson v. Wiggins*, 460 F. Supp. 2d 1, 8 (D.D.C. 2006) (dismissing private action based on purported violation of 18 U.S.C. § 1001 for lack of subject matter jurisdiction because criminal statutes "cannot be used to grant plaintiff access to this, or any other, federal court"); *Hicks*, 767 F. Supp. at 171 (dismissing the plaintiff's claim brought under 18 U.S.C. § 1001 because that statute only "provide[s] for the imposition of criminal penalties" and a "[p]laintiff may not bring and prosecute a criminal proceeding"). Because the plaintiffs do not have standing to bring a case under 18 U.S.C. §1001(a), the Court will dismiss this claim for lack of subject matter jurisdiction.

## B. Diversity Jurisdiction

The plaintiffs also assert diversity jurisdiction pursuant to 28 U.S.C. §1332(a). That statute gives district courts original jurisdiction over civil actions where the amount in controversy exceeds $75,000 and where there is diversity of citizenship among the parties. 28 U.S.C. § 1332(a). "[D]iversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff." *Owens Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978) (emphasis in original). The plaintiffs consist of two citizens of Pennsylvania and one citizen of New Jersey, Compl. at 6, but the plaintiffs file claims against numerous defendants alleged to be citizens of both Pennsylvania and New Jersey, Compl. at 6–30. For example, they name several individuals that apparently reside in New Jersey and work at law offices there. *See id.* at 8–9. Thus, the Court lacks jurisdiction under 28 U.S.C. § 1332 because complete diversity is lacking.

## C. Unfair and Deceptive Practices (Counts I and II)

Finally, the plaintiffs claim that two other counts establish jurisdiction. Count I alleges "unfair and deceptive consumer practices with respect to loan servicing," Compl. at 66, and Count II alleges "unfair and deceptive consumer practices with respect to foreclosure processing," *id.* at 66–67. However, neither count references any specific consumer protection statute that would provide the basis for this Court's subject matter jurisdiction. Further, the plaintiffs' Response to the Court's April 18, 2019 Memorandum Opinion and Order, Dkt. 90, does not allege violations of any statutes other than those cited in the complaint and already discussed above. Because none of the purported statutory bases for jurisdiction in the complaint can support this Court's subject matter jurisdiction on either federal question or diversity grounds, the Court lacks subject matter jurisdiction over Counts I and II as well.

## CONCLUSION

For the reasons stated above, the Court holds that it lacks subject matter jurisdiction under either 28 U.S.C. § 1331 or 28 U.S.C. § 1332 and therefore dismisses the plaintiffs' claims without prejudice.

Accordingly, it is hereby

**ORDERED** that the plaintiffs' complaint is DISMISSED in its entirety, without prejudice, for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1).

It is further **ORDERED** that the Clerk of Court is directed to close this case.

_____
DABNEY L. FRIEDRICH
United States District Judge

June 13, 2019